## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LONNIE FAISON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Civil Action No. 14-01551<br>DAR |

## MEMORANDUM OPINION

Plaintiff, Lonnie Faison, seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration denying her application for Widow's Insurance Benefits based on the earnings record of deceased wage earner, Purcyle Peake.  *See* Complaint (ECF No. 1) ¶¶ 3-4; Memorandum in Support of Plaintiff's Motion for Judgment of Reversal ("Pl.'s Mem.") (ECF No. 10-1) at 1.  After Defendant filed the administrative record ("AR") (ECF No. 8), Plaintiff moved for judgment of reversal of the final decision of the Administrative Law Judge ("ALJ"), or, in the alternative, for remand to the Social Security Administration for a new administrative hearing, and Defendant moved for judgment of affirmance of the final decision.  *See* Plaintiff's Motion for Judgment of Reversal (ECF No. 10); Defendant's Motion for Judgment of Affirmance (ECF No. 14).[1]

Plaintiff, in the memorandum in support of her motion, claims that she lived with Mr. Peake continuously from about 1974 until his death on August 5, 2008.  Pl.'s Mem. at 2. Plaintiff further claims that they held themselves out as husband and wife, were natural parents

---

[1] The caption of Defendant's motion also includes "Memorandum in Support of the Motion and in Opposition to Plaintiff's Motion for Judgment of Reversal." *See* (ECF No. 14) at 1.

of a son born in 1978, and Mr. Peake always listed her as his spouse when he filed tax returns. *Id*. Finally, Plaintiff and Mr. Peake got married in a civil ceremony on June 18, 2008. *Id*.

In support of her claim that Mr. Peake was her common law spouse and that they later got married in a civil ceremony, Plaintiff submitted (1) a Certificate of Marriage, (2) the Obituary for Mr. Peake, and (3) letters from three of her sisters, Mr. Peake's sister, Mr. Peake's mother, and a clinical research associate who interacted with the couple. *See* AR at 79-86. Plaintiff also submitted copies of individual income tax returns in which Mr. Peake claimed "three exemptions, including his spouse Lonnie Faison, and their son." *See* Pl.'s Mem. at 8; AR at 87 - 103. Plaintiff submits that the ALJ who conducted the administrative hearing (1) applied an improper standard in determining that Plaintiff was not entitled to widow's insurance benefits; (2) failed to support the determination that Plaintiff had not established a common law marriage by substantial evidence, and (3) failed to properly develop the administrative record. *See* Pl.'s Mem. at 3-13.

Defendant, in support of her motion and in opposition to Plaintiff's motion, maintains that substantial evidence supports the ALJ's finding that Plaintiff was not entitled to widow's benefits because she did not establish the existence of a common law marriage between herself and Mr. Peake prior to August 5, 2008. *See* Memorandum in Support of the Motion and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Def.'s Opp'n") (ECF No. 15) at 3.[2]

Plaintiff, in reply, submits that Defendant, in failing to respond to two out of three arguments in Plaintiff's memorandum, has conceded that the ALJ applied an improper standard and failed to develop the record. *See* Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal ("Pl.'s Reply") (ECF No. 16) at 2-3. Finally, Plaintiff maintains that the ALJ's

---

[2] The caption of Defendant's opposition also includes "Motion for Judgment of Affirmance." *See* Def.'s Opp'n at 1.

decision was not supported by substantial evidence because the ALJ, with respect to Plaintiff, failed to consider the requirements of a common law marriage in the District of Columbia namely: (1) express mutual present intent to be husband and wife, and (2) good faith cohabitation. *Id*. at 3-4.

Upon consideration of the entire record herein, the court will grant Plaintiff's motion and deny Defendant's motion.

### I. STANDARD OF REVIEW

Under Section 405(g) of the Social Security Act, a district court has the power to review "any final decision" of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g); *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015). The court must affirm the Commissioner's decision where it is "supported by substantial evidence" and "not tainted by an error of law." *Perry v. Colvin*, No. 15-0372, 2016 WL 471280, at * 3 (D.D.C. Feb. 8, 2016) (citing *Smith v. Bowen,* 826 F.2d 1120, 1121 (D.C. Cir. 1987). "The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Settles*, 121 F. Supp. 3d at 169 (citing *Butler v. Barnhart,* 353 F.3d 992, 999 (D.C. Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). "The test requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Id.* (citation omitted) (internal quotation marks omitted). "Even if supported by substantial evidence, however, the court will not uphold the Commissioner's findings if the Commissioner reached them by applying an erroneous legal standard." *Jackson v. Barnhart,* 271 F. Supp. 2d 30, 33 (D.D.C. 2002) (citation omitted).

To determine whether the Commissioner's decision is free from legal error and supported by substantial evidence, the court must "carefully scrutinize the entire record," but "may not reweigh the evidence and replace the [Commissioner's] judgment regarding the weight of the evidence with its own." *Id*. at 34 (citation omitted); *see also Perry v. Colvin*, 2016 WL 471280, at *3.).  "The Plaintiff bears the burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Simpson v. Colvin*, 121 F. Supp. 3d 31, 37 (D.D.C. 2015) (quoting *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2016) (citation omitted).  A district court has discretion "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 110 (D.D.C. 2010) (quoting 42 U.S.C. § 405(g)).

The court has discretion to remand for the purpose of an award of benefits rather than for further proceedings "where the evidence on the record as a whole is clearly indicative of [the eligibility of the claimant] and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits[.]" *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 35-36 (D.D.C. 2013) (quoting *Hawkins v. Massanari*, No. 00-2101, 2002 WL 379898, at *4 (D.D.C July 2, 2013).  Reversal instead of remand is appropriate "where the record in the case is thoroughly developed, and a hearing would merely function to delay the award of benefits[.]" *Ademakinwa*, 696 F. Supp. 2d at 110 (quoting *Martin v. Apfel*, 118 F. Supp. 2d 9, 18 (D.D.C. 2000) (citation omitted).

## II. DISCUSSION

The court finds that Defendant, in her opposition to Plaintiff's motion, does not contest Plaintiff's claims that the ALJ (1) applied an improper standard and (3) failed to develop the

administrative record, and for those reason alone, the court has discretion to deem those claims as conceded. *See*, *e.g.*, *Keys v. Donovan*, 107 F. Supp. 3d 62, 66 (D.D.C. 2015) (treating as conceded an argument offered by movant which the opposing party failed to address in its opposition); *Wright v. District of Columbia*, 799 F. Supp. 2d 1, 6 (D.D.C. 2011) (treating as conceded a party's claims for failure to respond to opposing party's arguments, pursuant to LCvR 7(b)). Accordingly, the court finds that Defendant has conceded those claims.

With respect to whether the ALJ's decision was supported by substantial evidence, the court finds, after a careful scrutiny of the entire record, that it cannot affirm the ALJ's findings because the ALJ gave no consideration to Plaintiff's entitlement to widow's insurance benefits in the context of the applicable Code of Federal Regulations ("C.F.R.").

Entitlement to Widow's Benefits

"To decide [an applicant's] relationship as the insured's widow . . . , [the court] look[s] to the laws of the State where the insured had a permanent home when he . . . died." 20 C.F.R. § 404.345. An applicant is entitled to benefits as a widow of a person who died if, she is a widow based upon 20 C.F.R. § 404.345 and meets one of the conditions enumerated in 20 C.F.R. § 404.335 (a)(1) – (4).

The court finds that the ALJ's decision that "[Plaintiff] is not entitled to survivor's insurance benefits on the record of the deceased wage earner, Purcyle Peake[,]" was not supported by substantial evidence, because a careful review of the record shows that Plaintiff submitted evidence sufficient to demonstrate her entitlement to widow's benefits pursuant to 20 C.F.R. § 404.335(a)(3). *See* AR at 20. The court finds that while the ALJ cited 20 C.F.R. § 404.335 in his decision, it appears that the ALJ considered only one of the conditions enumerated: that the relationship of the claimant "to the insured as a [spouse] lasted for at least 9

Case 1:14-cv-01551-DAR   Document 26   Filed 05/20/16   Page 6 of 9
Faison v. Colvin                                                                                                    6

months immediately before the insured died." *See* 20 C.F.R. § 404.335(a)(1); *see also* AR at 19; Def.'s Opp'n at 3. Specifically, the ALJ stated, *inter alia*, that as Plaintiff and Mr. Peake "were married for a period of less than two months, the claimant did not meet the marital relationship requirements for widow's insurance benefits." AR at 19. However, the ALJ ignored the fact that Plaintiff satisfied at least one of the conditions enumerated: that the claimant and "the insured were the natural parents of a child[.]" 20 C.F.R. § 404.335(a)(3). Accordingly, because Plaintiff and Mr. Peake were the natural parents of a child, the court finds that Plaintiff is eligible for widow's insurance benefits. *Id*.

        The ALJ, in his Findings of Fact and Conclusions of Law, noted that the Obituary for Mr. Peake stated that he left behind his wife and a son. AR at 18. The ALJ noted that four individuals submitted letters in which they stated that Mr. Peake and Plaintiff were together for over 35 years, and that they had a son named Purcyle Peake Jr. *Id*. The ALJ noted that Mr. Peake filed Federal tax returns, as well as District of Columbia tax returns in 1995, 1986, and 1987. *Id*. He further noted that their filing status was "'married filing joint return,' and 'married filing jointly,' respectively, with the exception of the District of Columbia tax return in 1986, when [Mr. Peake] filed in his own name as 'head of Household,' but noted '[Plaintiff's] occupation as housewife.'" *Id*. The ALJ also highlighted that the couple filed Property Tax Credit Claims in the District of Columbia in 1985, 1986, and 1987 and that they "described themselves as Purcyle and Lonnie Peake in each document[.]" *Id*. However, the ALJ neither found nor mentioned the fact that Plaintiff's son was listed as a dependent on the three income tax returns. *See* AR 87-96.

        The court finds that a remand for an award of benefits is appropriate here "where the evidence on the record as a whole is clearly indicative of [Plaintiff's eligibility for widow's insurance benefits] and additional hearings would serve no purpose other than to delay the

inevitable receipt of benefits[.]" *See Espinosa*, 953 F. Supp. 2d at 35-36. Because Plaintiff was married to Mr. Peake and there is substantial evidence in the record to demonstrate that they are the natural parents of a child, the court reverses the decision of the ALJ and remands this matter to the Social Security Administration for an award of benefits based on Plaintiff's eligibility for widow's benefits pursuant to 20 C.F.R. § 404.335(a)(3).

Common Law Marriage in the District of Columbia

The District of Columbia recognizes common law marriages. *Dickey v. Office of Pers. Mgmt.*, 419 F. 3d 1336, 1339 (Fed. Cir. 2005); *Marcus v. Director, Office of Worker's Compensation Program*, 548 F.2d 1044, 1047 (D.C. Cir. 1976). The elements of a valid common law marriage in the District of Columbia are an express mutual and present agreement of the parties, "followed by cohabitation as husband and wife." *See Dickey,* 419 F. 3d at 1340 (citing *East v. East*, 536 A. 2d 1103, 1105 (D.C. 1988)). "In order to constitute a common-law marriage, both spouses must intend and expressly covenant to enter into a permanent relationship of husband and wife." *Dickey*, 419 F.3d at 1340. A court may infer mutual consent by the "character and duration of cohabitation, or from other circumstantial evidence such as testimony by relatives and acquaintances as to the general reputation of the parties' relationship." *Jackson v. Bowen*, 690 F. Supp. 58, 59 (D.D.C. 1988) (citing *Marcus*, 548 F.2d at 1048 n. 9). "If at least one of the parties to the alleged marriage is available as a witness, cohabitation and reputation are insufficient to create an inference of common-law marriage in the absence of the party's assertion of consent or agreement." *Jackson*, 690 F. Supp. 58 at 59; *see also Dickey*, 419 F.3d at 1341.

Here, the ALJ denied Plaintiff's application and determined that Plaintiff "failed to prove that she and Mr. Peake had held themselves out continuously as husband and wife, prior to his

death as required under the law of Washington, DC." AR at 19.  In support of this finding, the ALJ stated that in 1986 Mr. Peake filed his income tax return as "head of household" rather than "married filing jointly . . . ." *Id*.  The ALJ also noted that on March 7, 2006, Mr. Peake filed an application for disability benefits and an application for supplementary security income, and that Mr. Peake stated in both applications that he had never been married. *Id*.  The ALJ highlighted that Plaintiff's friend, Mary Wicks, "testified that, sometimes [Plaintiff] referred to herself as Lonnie Mae Faison and, at other times, used the name Lonnie Peake." *Id*.  Furthermore, Plaintiff admitted that "prior to the marriage ceremony in 2008, she sometimes described herself as Lonnie Peake, and other times as Lonnie Faison." *Id*.

Defendant submits that Plaintiff's testimony establishes that though Plaintiff and Mr. Peake cohabited as a couple for many years with their child, they "were not a legally married couple until two months prior to Mr. Peake's death."  *See* Def.'s Opp'n at 6-7.  Defendant asserts that "the inconsistent actions of Plaintiff and Mr. Peake with respect to their Social Security Administration applications and the filing of tax forms further undermines Plaintiff's claim.  *Id*. at 7.  Finally, Defendant maintains that "Plaintiff and Mr. Peake did not exchange the requisite words prior to June 18, 2008, with the intent to establish a legal marriage." *Id*.

The court finds that the ALJ's finding that Plaintiff and Mr. Peake were not in a common law marriage prior to their civil ceremony on June 18, 2016, is not supported by substantial evidence.  The court begins by noting that because the record shows that Plaintiff and Mr. Peake were the natural parents of a child, the court need not engage in an extensive analysis of the couple's common law marriage or lack thereof.  The court also notes that the law does not require that Plaintiff establish that she and Mr. Peake continuously held themselves out as husband and wife.  Rather, the law requires express mutual and present consent of the parties followed by cohabitation. *See Dickey*, 419 F.3d at 1340; *East*, 536 A. 2d at 1105.

The court finds that a review of the administrative record clearly shows that Plaintiff met her burden in proving the existence of a common law marriage under the laws of the District of Columbia.  For instance, the ALJ acknowledged that Mr. Peake's Obituary mentioned Plaintiff and their son as his survivors, Mr. Peake listed Plaintiff as his spouse on his tax returns for at least three of the years that they were in a common law marriage, and Plaintiff submitted letters from three of her sisters, Mr. Peake's sister, and Mr. Peake's mother stating that Plaintiff and Mr. Peake were a couple for at least 35 years.  *See* AR at 18.  While the court finds that the record contains substantial evidence to show that Plaintiff and Mr. Peake were in a common law marriage, the court finds that it need not reach that question because Plaintiff was Mr. Peake's legal spouse and they were natural parents of a child.  Accordingly, Plaintiff is eligible for widow's benefits pursuant to 20 C.F.R. § 404.335(a)(3).

### III. CONCLUSION

For the foregoing reasons, it is this 20th day of May, 2016, hereby

**ORDERED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 10) is **GRANTED,** and that this matter is remanded to the Social Security Administration for an award of widow's benefits, consistent with the instant Memorandum Opinion and Order; and it is

**FURTHER ORDERED** that Defendant's Motion for Judgment of Affirmance (ECF No. 14) is **DENIED.**

An appropriate Order accompanies this Memorandum Opinion.

                                                                    /s/
                                                          DEBORAH A. ROBINSON
                                                          United States Magistrate Judge